UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADAM GONZALES,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>WAL-MART STORES, INC., et al.,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:14-cv-00230-JCM-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket Nos. 9, 10) |

Pending before the Court is Plaintiff's motion to remand this case to state court. Docket No. 9. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed a response in opposition and Plaintiff filed a reply. Docket Nos. 14, 18. Also pending before the Court is Wal-Mart's motion to sever the claims brought against Defendant Samantha Jo Tedesco ("Tedesco"). Docket No. 10. Plaintiff filed a response and Wal-Mart filed a reply. Docket Nos. 17, 19. The Court also received supplemental briefing from the parties. Docket Nos. 21, 22.[1] The Court finds these motions appropriately decided without oral argument. *See* Local Rule 78-2.

Both motions require the Court to determine whether joinder is proper of claims brought under Nevada law against two defendants arising out of two incidents that both allegedly contribute to the same injury. This appears to be an issue of first impression in this District. Moreover, other courts have reached different conclusions on this issue and the Ninth Circuit has not addressed it. For the reasons explained more fully below, the Court concludes that the claims

---

[1] Tedesco has not filed a brief in relation to either motion, but has appeared in this case by way of filing an answer. Docket No. 13.

against Wal-Mart and Tedesco are properly joined in this case. Accordingly, the Court **RECOMMENDS** that the motion to sever be **DENIED**, that diversity jurisdiction be found lacking, and that the motion to remand be **GRANTED**.

### I.   BACKGROUND

Wal-Mart is a citizen of Delaware and Arkansas. *See* Notice of Removal at 3 (Docket No. 1). Plaintiff and Tedesco are citizens of Nevada. Compl. ¶¶ 1, 5 (Docket No. 1-2). Plaintiff alleges that, on or about August 11, 2013, he slipped on a clear liquid at a Wal-Mart store and injured his head, neck and shoulders. *Id.* at ¶¶ 10-11. Plaintiff brings claims against Wal-Mart alleging negligence. Plaintiff also alleges that he was a passenger in a vehicle driven by Tedesco, on or about December 4, 2013, and that he was injured at that time when Tedesco rear-ended another car. Compl. at ¶¶ 13-14. Plaintiff alleges that the car accident caused injury to his head, neck and shoulders. *Id.* at ¶ 15. Plaintiff brings claims against Tedesco alleging negligence.

Plaintiff alleges that the injuries suffered in the above two events are intertwined, and that it is not possible to accurately apportion the injuries sustained between the two events. *Id.* at ¶¶ 16-17. As a result, Plaintiff alleges that Wal-Mart and Tedesco bear the burden of apportioning damages, and that they will be held jointly and severally liable for his injuries if they cannot meet that burden. *See id.* at ¶¶ 17-18; *see also Kleitz v. Raskin*, 738 P.2d 508, 509 (Nev. 1987) (holding that once a successive tortfeasor is found to have caused injury, it has the burden of apportioning damages and will be held jointly and severally liable for the entire amount if it fails to meet that burden).

Plaintiff brought suit against both Defendants in state court. On February 12, 2014, Wal-Mart removed the case to this Court, asserting that diversity jurisdiction exists because Defendants were fraudulently misjoined. *See* Docket No. 1 at 3. In particular, Wal-Mart asserted that the claims against Tedesco are severable from the claims against Wal-Mart such that complete diversity would exist as to severed claims against Wal-Mart. *See id.* On March 12, 2014, Plaintiff filed a motion to remand to state court, arguing that the claims against Defendants were properly joined in a single suit. Docket No. 9. On March 14, 2014, Wal-Mart

responded by filing a motion to sever, arguing that the claims were not properly joined in a single suit. Docket No. 10. Those two motions are now before the Court.

## II. STANDARDS

### A. DIVERSITY JURISDICTION AND REMAND

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction over claims arising out of state law where the claims are between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district . . . where such action is pending." If jurisdiction is found lacking in a removed case, the federal court must remand the case back to state court. *See* 28 U.S.C. § 1447(c). In determining whether removal is proper, courts must strictly construe the removal statute against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *E.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. JOINDER

Whether the Court has jurisdiction in this case turns on the application of the relevant rules governing joinder: if the claims against Tedesco and Wal-Mart are properly joined, complete diversity does not exist. Unfortunately, the parties' briefing leaves several threshold issues unaddressed. First, the crux of Wal-Mart's position is that there has been a "fraudulent misjoinder" of the claims against it and Tedesco. *See, e.g.*, Docket No. 14 at 2. Although not acknowledged by Wal-Mart, there is uncertainty as to whether the fraudulent misjoinder doctrine applies in this Circuit, *see, e.g.*, *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1126-28 (E.D. Cal. 2004) (refusing to apply doctrine), and, if it does, the relevant standards for applying it, *see Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) ("it is impossible

1  to know which standard would be employed by the Ninth Circuit," but finding no requirement of
2  an "egregious" misjoinder).  Nonetheless, Plaintiff does not contest that the doctrine applies in
3  this Circuit nor does he argue that it requires a showing of "egregious" misjoinder or some other
4  requirement beyond mere violation of the joinder rules.  Accordingly, the Court assumes without
5  deciding that the fraudulent joinder doctrine applies and will utilize the approach adopted in
6  *Greene* focusing on whether the joinder rules have been satisfied.

7  Second, the parties' briefing relies exclusively on the joinder requirements outlined by
8  the Federal Rules of Civil Procedure and fails to address the threshold issue of whether the
9  Court's analysis is governed by the federal or state rules.  *See, e.g., Erie R. Co. v. Tompkins*, 304
10 U.S. 64, 78-80 (1938).  Under the *Erie* doctrine, federal courts sitting in diversity apply state
11 substantive law and federal procedural law.  *E.g.*, *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir.
12 2007).  "Because it is primarily a procedural device, party joinder in the federal courts is
13 governed by Rule 20 and state restrictions on the practice are inapplicable."  7 Charles Alan
14 Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE, § 1652, at 400
15 (3d. ed., 2014 suppl.).  Hence, for cases filed initially in federal court on the basis of diversity
16 jurisdiction, it is well-settled that the Federal Rules of Civil Procedure apply to issues related to
17 joinder.  *See, e.g.*, *Siebrand v. Gossnell*, 234 F.2d 81, 92 (9th Cir. 1956).  Similarly, courts have
18 applied the Federal Rules of Civil Procedure in determining whether the post-removal joinder of
19 additional parties is proper.  *See, e.g.*, *Winner's Circle of Las Vegas, Inc. v. AMI Franchising,*
20 *Inc.*, 916 F. Supp. 1024, 1028 (D. Nev. 1996).

21 The *Erie* analysis is less clear in cases involving challenges to the joinder of defendants
22 in state court prior to removal since the case was in state court subject to state procedural rules at
23 the time the parties were actually joined.  *See, e.g.*, *Carper v. Adknowledge, Inc.*, 2013 WL
24 5954898, *4 n.3 (N.D. Cal. Nov. 6, 2013) (outlining competing policy considerations).  As noted
25 above, the parties here do not tackle this issue and instead focus their analysis on the Federal
26 Rules of Civil Procedure.  Rather than wade into this unsettled issue of law, other courts have
27 found a choice of law determination unnecessary when no meaningful difference exists between
28 the state and federal joinder rules.  *See, e.g.*, *In re Prempro Prods. Liability Litig.*, 591 F.3d 613,

1   622 n.6 (8th Cir. 2010). This Court similarly finds this determination unnecessary because the
2   applicable state and federal rules are substantially similar. *Compare* Nev. R. Civ. P. 20 ("All
3   persons may be joined in one action as defendants if there is asserted against them jointly,
4   severally, or in the alternative, any right to relief in respect of or arising out of the same
5   transaction, occurrence, or series of transactions or occurrences and if any question of law or fact
6   common to all defendants will arise in the action") *with* Fed. R. Civ. P. 20(a)(2) ("Persons . . .
7   may be joined in one action as defendants if: (A) any right to relief is asserted against them
8   jointly, severally, or in the alternative with respect to or arising out of the same transaction,
9   occurrence, or series of transactions or occurrences; and (B) any question of law or fact common
10  to all defendants will arise in the action"); *see also Greene*, 344 F. Supp. 2d at 683 (noting the
11  Nevada and federal joinder rules are "nearly identical").[2] In light of the similarity of the rules,
12  the Court will apply the Federal Rules of Civil Procedure.

13  The Court therefore turns to Rules 20 and 21 of the Federal Rules of Civil Procedure.[3]
14  Rule 21 provides that the Court may, "on just terms, add or drop a party" from an action or
15  "sever any claim against a party." Courts have broad discretion in determining whether to sever
16  a party. *See, e.g.*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). "If the test
17  for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties,
18  so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130
19  F.3d 1348, 1350 (9th Cir. 1997). Rule 20(a) outlines the requirements for permissive joinder of
20  defendants, providing that joinder is appropriate if (1) a right to relief is asserted relating to or
21  arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2)
22  some question of law or fact is common to all defendants. *See Desert Empire Bank v. Insurance*
23  *Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).[4] The Ninth Circuit has indicated that Rule

---

[2] The Court is further mindful of the paucity of controlling Nevada case law interpreting and applying the joinder requirements outlined in the Nevada Rules of Civil Procedure, which further militates toward relying on the federal case law applying the Federal Rules of Civil Procedure. *See, e.g.*, *Phillips v. C.R.Bard, Inc.*, 290 F.R.D. 615, 633 (D. Nev. 2013) (applying federal test for attorney-client privilege given absence of controlling state law on the issue).

[3] References hereafter to "Rules" refer to the Federal Rules of Civil Procedure.

[4] Plaintiff reads the text of Rule 20(a)(2)(A) as meaning that the first requirement is

- 5 -

20 must be "construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *See, e.g.*, *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (noting the "impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

"Although the specific requirements of Rule 20 . . . may be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Desert Empire Bank*, 623 F.2d at 1375; *see also Coleman*, 232 F.3d at 1296 (courts must analyze whether joinder comports with the principles of fundamental fairness or would result in prejudice). In doing so, courts consider the purposes of Rule 20, including promoting judicial economy and reducing inconvenience, delay, and expense. *See Garner v. Bank of America Corp.*, 2013 WL 5492691, *4 (D. Nev. Sept. 30, 2013) (citing *Coughlin*, 130 F.3d at 1351).

### III. ANALYSIS

The primary question before the Court is whether Plaintiff properly joined in a single suit his claims against Defendants Wal-Mart and Tedesco. As noted above, Plaintiff argues that Defendants each contributed to the same injury even though he alleges he was injured by each Defendant at separate times. In undertaking its analysis, the Court is cognizant that different courts have ruled on this issue differently even when presented with very similar circumstances. In light of this divergence, the Court finds an overview of case law addressing similar circumstances to be particularly useful in this case.

The majority of courts have found that joinder of defendants is proper where they are alleged to be successive tortfeasors who each contributed to the same injury. The majority

---

satisfied by alleging either (1) that the defendants are jointly or severally liable or, (2) in the alternative, that his claims arise out of the same transaction, occurrence, or series of transactions or occurrences. *See, e.g.*, Docket No. 21 at 2. Plaintiff fails to cite to case law in support of that argument, and his reading of Rule 20 is inconsistent with long-standing Ninth Circuit precedent. *See, e.g.*, *Desert Empire Bank*, 623 F.2d at 1375 ("a right to relief *must* be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences" (emphasis added)).

approach is outlined in *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen*, 726 F. Supp. 950 (S.D.N.Y. 1989).  In that case, the plaintiff injured his finger while operating a dyeing machine and brought a products liability claim against the machine manufacturer.  *Id.* at 951.  After the suit was removed to federal court, the plaintiff sought leave to amend his complaint to bring a medical malpractice claim against the surgeon who treated his injured finger.  *See id.*  The court ruled that the Rule 20 joinder requirements were "clearly satisfied."  *Id.*  In particular, the court noted that both claims related to the same injury and that, while the legal basis for the claims were separate, the two incidents were part of a series of occurrences contributing to that injury.  *Id.*  The court found common questions of law and fact regarding causation, the extent of damages, and the relative liability of each defendant.  *Id.* at 951-52.  The court further found that joinder of the claims comported with the principles of fundamental fairness.  *See id.* at 952-53.

A similar result was reached more recently in *Jacques v. Hyatt Corp.*, 2012 WL 3010969 (N.D. Cal. July 23, 2012).  In that case, the plaintiff alleged that he fell at a hotel in Hawaii, causing him to injure his knee.  *Id.* at *1.  He further alleged that he aggravated that injury two months later in California due to a defect in the knee brace he was wearing.  *Id.* at *2.  The plaintiff brought suit against both defendants, alleging negligence causes of action against the hotel and a products liability cause of action against the knee brace manufacturer.  *Id.*  Providing extensive analysis, the court determined that the claims were properly joined.  First, the court determined that there was a sufficient relationship between the two incidents such that they constituted a series of occurrences:  the injury and re-injury occurred to the same body part in the same way, the second accident would not have occurred but for the first, and there were overlapping damages.  *Id.* at *3.  Second, the court determined that there were common questions of fact or law related to, "[a]t a minimum, preexisting conditions, contributing factors, and the nature and extent of [the plaintiff's] injuries. . . . Each of the defendants, moreover, will surely be pointing to the other as the primary cause of the ultimate injuries."  *Id.* at *4.  Lastly, the court concluded that factors of fundamental fairness supported joining the claims against the defendants.  *Id.* at *5-6.

The conclusions reached in *Wilson* and *Jacques* are consistent with long-standing jurisprudence applying Rule 20 liberally to find that defendants are properly joined in similar circumstances. *See, e.g., Stephens v Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, 382-85 (D. Md. 2011); *Bell v. Werner Enterps., Inc.*, 2011 WL 1297115, \*3 (N.D.W.Va. Apr. 5, 2011); *Wyatt v. Charleston Area Medical Ctr. Inc.*, 651 F. Supp. 2d 492, 498-99 (S.D.W.Va. 2009); *Massaro v. Bard Access Sys., Inc.*, 209 F.R.D. 363, 369 & n.5 (E.D. Pa. 2002); *Rodriguez v. Abbott Labs.*, 151 F.R.D. 529, 533 (S.D.N.Y. 1993); *Poster v. Central Gulf S.S. Corp.*, 25 F.R.D. 18, 19-20 (E.D. Pa. 1960); *McNeil v. American Export Lines, Inc.*, 166 F. Supp. 427, 428 (E.D. Pa. 1958); *Lucas v. City of Juneau*, 127 F. Supp. 730, 732 (D. Alaska 1955).[5] At least until a few years ago, it appears to have been a fairly settled point of law that defendants who each contributed separately to a plaintiff's injury could be joined under Rule 20. *See Diehl v. H.J. Heinz Co.*, 901 F.2d 73, 73-74 (7th Cir. 1990) (discussing in *dicta* that the defendants were considered successive tortfeasors and that "it is of course proper to sue joint tortfeasors in the same complaint"); *see also State ex rel. Nixon v. Dally*, 248 S.W.3d 615, 617 (Mo. 2008) (*en banc*) ("Two or more discrete accidents involving unrelated defendants do constitute a 'series' of transactions under the federal permissive joinder rule").

Nonetheless, a minority approach has arisen finding that joinder is not proper in similar circumstances. That minority approach is summarized in *Oda v. United States*, 2012 WL 692409 (N.D. Cal. Mar. 2, 2012). In that case, the plaintiff was injured in two separate car accidents roughly three months apart. *See id.* at \*1. Plaintiff attempted to amend her complaint to add as a defendant the driver responsible for the second accident. *See id.* The court disagreed, finding that the action would be based on "two completely separate accidents. Although the two accidents allegedly contribute to [the plaintiff's] current injuries, the facts surrounding the

---

[5] The resolution in *Lucas* is of particular note given its factual similarities with this case. The plaintiff there injured his back by falling on a pencil that was left on the floor in an office and then subsequently aggravated that injury in a car accident occurring while he was being driven in a city ambulance a few weeks later. *Lucas*, 127 F. Supp. at 730-31. The plaintiff alleged that the office owner was negligent in allowing the pencil to remain on the floor, while the city was negligent for hiring an ambulance driver with epilepsy. *See id.* at 731. The court held that the claims against the defendants were properly joined under Rule 20. *Id.* at 732.

- 8 -

1  accident with the [first] driver and the facts surrounding the accident with the [second driver] are
2  wholly distinct from one another." *Id.* at *2. The court further noted that a finding of liability as
3  to one driver would have "no bearing whatsoever on a finding of liability [for] the other," such
4  that the evidence required to determine liability would be separate for the claims against each
5  defendant. *Id.* As a result, the court found joinder improper. *See id.*

6  The court reached a similar result in *Hughes v. Sears, Roebuck and Co.*, 2009 WL
7  2877424 (N.D.W.Va. Sept. 3, 2009). In that case, the plaintiff allegedly fell off of a treadmill
8  purchased from a retailer and was then injured by an alleged misdiagnosis at the hospital. *See id.*
9  at *1. The plaintiff brought, *inter alia*, a products liability claim against the retailer and a
10 medical malpractice claim against the medical provider. *See id.* The court held that the incidents
11 did not arise out of the same transaction or occurrence because the claims would be supported by
12 "markedly different" evidence and there was no "bridge" between the claims given that the
13 medical provider had no control over the allegedly defective product. *Id.* at *6. The court
14 further found that there were no common questions of law or fact because a finding of liability
15 against one defendant would have no bearing to finding liability as to the other defendant. *Id.*
16 For those reasons, the court concluded that the joinder requirements for Rule 20 had not been
17 satisfied.[6]

18 The majority and minority approaches outlined above provide significantly different
19 treatment of similar situations. Some courts have explained their departure from similar cases by
20 distinguishing them factually. *See Jacques*, 2012 WL 3010969, at *3 (distinguishing *Oda* based
21 on the existence of a but-for causal connection between the claims); *Bell*, 2011 WL 1297115, at
22 *3 (distinguishing *Hughes* on the basis that the claims against both defendants were based on
23 negligence causing car accidents). In the Court's review of the case law as whole, however, the
24 cases following the majority and minority approaches are factually irreconcilable as it is clear

---

[6] In the context of medical device products liability and medical malpractice claims, some courts have found joinder of claims against the medical device manufacter(s) and medical provider(s) was not proper. *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *In re: Guidant Corp. Implantable Defibrillators Prods. Liability Litig.*, 2007 WL 2572048, *2 (D. Minn. Aug. 30, 2007). But the majority of courts addressing such claims have found joinder proper. *See, e.g.*, *Larson v. Abbott Labs.*, 2013 WL 5937824, *14 (D. Md. Nov. 5, 2013) (collecting cases).

1   that "courts, faced with nearly identical facts, differ drastically in applying" Rule 20's joinder
2   requirements. *Hughes*, 2009 WL 2877424, at *6.[7]  For that reason, the Court concludes that
3   finely parsing the facts of each case for guidance is an unproductive exercise.  Instead, the Court
4   looks to the case law for guidance with respect to the broader reasoning espoused and the manner
5   in which the relevant standards are applied.  For the reasons explained more fully below, the
6   Court agrees with the majority approach.

   A.   SAME SERIES OF OCCURRENCES

   The Court first determines whether Plaintiff asserts a right to relief relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences, as required by Rule 20(a)(2)(A).  *See Desert Empire Bank*, 623 F.2d at 1375.  Wal-Mart argues vigorously that Plaintiff's slip-and-fall in its store and the car accident involving Tedesco are not part of a series of occurrences.  *See, e.g.*, Docket No. 22 at 2-5.  Courts take a case-by-case approach in determining whether a particular factual situation constitutes a transaction, occurrence, or series of transactions or occurrences.  *See, e.g., Stephens*, 807 F. Supp. 2d at 382.  A series of occurrences exists where the occurrences involve related activities and have a similarity in factual background.  *See, e.g.*, *Jacques*, 2012 WL 3010969, *3 (quoting *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, *2 (C.D. Cal. June 30, 2010)).  "Joinder in a single case may be appropriate—even though there might be different occurrences—if the claims involve enough related operative facts."  *Bentley Indus., Inc. v. Longevity Network, LLC*, 2013 WL 6858904, *3 (D. Nev. Dec. 30, 2013) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

   Wal-Mart argues that claims arise out of the same series of occurrences only "when there is an articulable causal connection between the two incidents and a factual dependency in

---

[7] *Compare Bell*, 2011 WL 1297115, at *3 (holding that joinder of defendants was proper for claims arising out of separate car accidents roughly two months apart) *with Oda*, 2012 WL 692409, at *2 (holding that joinder of defendants was improper for claims arising out of separate car accidents roughly three months apart); *compare also Wilson*, 726 F. Supp. at 951-53 (holding that joinder of defendants was proper for claims arising out of injury from defective dyeing machine and subsequent medical malpractice in treating that injury) *with Hughes*, 2009 WL 2877424, at *6 (holding that joinder of defendants was improper for claims arising out of injury from defective treadmill and subsequent medical malpractice in treating that injury).

- 10 -

1  ascertaining liability." Docket No. 22 at 2.[8] To be sure, some courts have narrowly construed
2  the "same transaction or occurrence" requirement by focusing on whether a common basis for
3  liability exists for each defendant. *See, e.g., Hughes*, 2009 WL 2877424, at *6. But other courts
4  have flatly rejected such a limitation. *See Stephens*, 807 F. Supp. 2d at 384 ("The fact that [the
5  plaintiff] might have to offer different evidence to establish his medical negligence and product
6  liability claims cannot alter this analysis"); *see also Rodriguez*, 151 F.R.D. at 533. Indeed, some
7  courts have found claims to arise out of the same series of occurrences based solely on the fact
8  that separate incidents occurring relatively close in time allegedly contribute to the same injury.
9  *See, e.g.*, *Bell*, 2011 WL 1297115, at *3 (finding it proper to join claims against defendants
10 arising out of separate car accidents occurring two months apart , holding that "the injuries the
11 plaintiff received from the two accidents are inextricably intertwined and accordingly arise from
12 the same series of transactions or occurrences"). The Court finds that the better approach is
13 incorporated by the cases that did not restrict their analysis to common issues of liability.

14 Nothing in the text of Rule 20 supports a restrictive reading that a series of occurrences
15 can only exist where there is a causal connection that exists between incidents and a factual
16 dependency in ascertaining liability. The Rule is satisfied where there is a "right to relief . . .
17 with respect to or arising out of the same . . . series of . . . occurrences," and nothing intrinsic in
18 that text requires such a limitation. The Court is especially disinclined to read into the Rule the
19 limitations proposed by Wal-Mart in light of the Ninth Circuit's dictate that the Rule be liberally
20 construed. *See, e.g.*, *League to Save Lake Tahoe*, 558 F.2d at 917. As a prominent treatise has
21 noted, "[i]llustrative of the liberal approach to the concept of same transaction or occurrence
22 employed by many federal courts are cases in which the court permits an injured plaintiff to join

---

[8] In making this argument, Wal-Mart relies in significant part on *Jacques*. In that case the plaintiff injured his knee at a hotel and then reinjured it allegedly due to a defective knee brace. *See* 2012 WL 3010969, at *1-2. In finding the claims to arise out of the same series of occurrences, the court pointed to "several relationships between the accidents and factual similarities underlying the claims, specifically: that the injury and re-injury occurred to the same body part in exactly the same way, the second accident would not have occurred but for the first, and there are overlapping damages." *Id.* at *3. The court went on to distinguish *Oda* on the basis that it did not involve claims that were "casually related." *Id.* But the court did not indicate that a casual relation between the incidents is a necessary element to find them to be part of a series of occurrences.

- 11 -

1  both the original tortfeasor and a second tortfeasor whose subsequent negligence aggravated
2  plaintiff's original injuries." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
3  FEDERAL PRACTICE & PROCEDURE, § 1653, at 410-11 (3d. ed., 2014 suppl.).

4  Rather than the rigid test advanced by Wal-Mart, the requirement that the right to relief
5  relate to the same series of occurrences is a flexible one: "There is no bright-line definition of
6  'transaction,' 'occurrence,' or 'series'; courts assess the facts of each case individually to
7  determine whether joinder is sensible in light of the underlying policies of permissive party
8  joinder." *Bentley Industries*, 2013 WL 6858904 at *3 (citing *Coughlin*, 130 F.3d at 1350). The
9  Court construes Rule 20(a)(2)(A) liberally to determine whether the claims involve related
10 activities and have a similarity in factual background. *See Jacques*, 2012 WL 3010969, at *3.

11 The Court finds that requirement met in this case. Plaintiff alleges that he suffered
12 injuries to his head, neck and shoulders when he slipped and fell as a result of Wal-Mart's
13 negligence, and that he thereafter aggravated the injuries to his head, neck, and shoulders when
14 he was in a car accident a few months later as a result of Tedesco's negligence. In light of the
15 proximity in time, the overlapping damages, and the similarity in injury, the Court concludes that
16 the claims are part of a series of occurrences. As such, the requirement of Rule 20(a)(2)(A) is
17 met in this case.

18 B.  COMMON QUESTIONS OF LAW OR FACT

19 The Court next must determine whether there exist any common questions of law or fact,
20 as required by Rule 20(a)(2)(B). *See Desert Empire Bank*, 623 F.2d at 1375. Wal-Mart argues
21 that there are no common questions of law or fact, framing the inquiry as whether a finding of
22 liability against one defendant could be a basis for liability as to another defendant. *See* Docket
23 No. 22 at 5. Once again, the Court is cognizant that some courts have narrowly construed this
24 inquiry by focusing on common bases of liability. *See, e.g.*, *Hughes*, 2009 WL 2877424, at *6.
25 But neither Wal-Mart nor the opinions on which it relies explain why the language of Rule 20
26 supports such an interpretation, and the Court finds that position unpersuasive.

27 It is important to keep in mind that the text of Rule 20 does not require a multitude of
28 common questions or that common questions predominate, but rather that there be "*any* question

of law or fact common to all defendants [that] will arise in the action." Rule 20(a)(2)(B) (emphasis added). Hence, there need only be a minimum of "at least one common question of law or fact." *Jacques*, 2012 WL 3010969, *4. The fact that there may be questions that are not common to all defendants does not defeat the showing on this requirement. *See, e.g.*, *Stephens*, 807 F. Supp. 2d at 384. Moreover, the common issue must simply be one that "will arise in the action" generally, and Wal-Mart's emphasis on whether common questions exist regarding liability is contrary to that language and the Ninth Circuit's dictate that the Rule must be construed liberally, *see, e.g.*, *League to Save Lake Tahoe*, 558 F.2d at 917.

With that background in mind, the Court finds here that common questions exist. Most obviously, the claims against Defendants include the common issue of what portion of Plaintiff's injury was caused by Wal-Mart's alleged negligence and what portion of Plaintiff's injury was caused by Tedesco's alleged negligence. "Each of the defendants . . . will surely be pointing to the other as the primary cause of the ultimate injuries." *Jacques*, 2012 WL 3010969, at *4. Indeed, Defendants both pled affirmative defenses to that end. *See* Docket No. 6 (Wal-Mart's thirteenth affirmative defense that Plaintiff's injuries were "caused by a subsequent accident or incident"); Docket No. 13 (Tedesco's third affirmative defense that Plaintiff's injuries were caused by "the acts or omissions of a third party over whom Defendant had no control"). The common question of apportioning liability between successive tortfeasors alone has been found to be sufficient to satisfy Rule 20(a)(2)(B)'s requirement for any common question. *See, e.g.*, *Bell*, 2011 WL 1297115, at *3 (finding joinder proper of claims against defendants arising out of separate car accidents). In this case, there will be overlapping issues regarding the cause(s) of Plaintiff's injuries, the extent of Plaintiff's injuries, and the relative liability of each Defendant for the injuries. As such, the requirement of Rule 20(a)(2)(B) is also met in this case.

C. <u>FUNDAMENTAL FAIRNESS</u>

Having determined that joinder is proper under Rule 20, the Court turns to an analysis of whether joinder comports with the principles of fundamental fairness or would result in prejudice. *See, e.g.*, *Coleman*, 232 F.3d at 1296. Wal-Mart raises numerous arguments that joinder of Defendants in a single suit is fundamentally unfair, which the Court discusses below.

1. Prejudice

Wal-Mart argues that Plaintiff will suffer no prejudice if the claims against Defendants are severed, while Wal-Mart will suffer significant prejudice if they remain joined. *See, e.g.*, Docket No. 10 at 7-8. The Court disagrees on both issues. As Plaintiff notes, each Defendant is likely to argue that the other is responsible for Plaintiff's injuries, which creates the possibility of conflicting outcomes. *See* Docket No. 21 at 5; Docket No. 17 at 7. Indeed, Wal-Mart essentially acknowledges that it intends to make such argument. *See* Docket No. 19 at 6 ("Certainly as part of its defense Walmart will seek to rebut all of Plaintiff's claims, including those of causation and damages"). Wal-Mart contends that inconsistent outcomes are not possible because liability as to one Defendant does not establish liability as to the other. *See* Docket No. 22 at 7. This argument fails to account for the possibility that each Defendant is found liable for Plaintiff's injuries, but separate fact-finders determine that the other Defendant's conduct was primarily responsible for Plaintiff's injuries. Such a scenario could lead to a result where both Defendants are found to be liable, Plaintiff is found to be injured, and Plaintiff recovers far less damages for his resulting injuries than he is entitled. Allowing Defendants to point to the "empty chair" as the source of Plaintiff's injuries would prejudice Plaintiff. *See, e.g.*, *Jacques*, 2012 WL 3010969, at *6.[9]

Wal-Mart counters that it will be prejudiced because "questions, arguments and evidence regarding each party's liability will certainly skew each defendant's role in allegedly causing Plaintiff's damages." Docket No. 10 at 9. In particular, Wal-Mart argues that there is a risk that any negative evidence against Tedesco may be "imputed" to Wal-Mart. *Id.*; *see also* Docket No. 19 at 7 (arguing that joinder will create confusion for the jury). The Court finds this argument unpersuasive as "protective measure such as careful jury instructions will be sufficient to

---

[9] Plaintiff's briefing asserts that the claims against Defendants could be severed at this stage of litigation, but later consolidated for trial purposes. *See* Docket No. 21 at 6. Plaintiff does not provide a jurisdictional basis for his claim against Tedesco to remain in this Court in the event that Defendants are severed, however, and it appears a basis for jurisdiction would not exist given that Plaintiff and Tedesco are Nevada citizens and the claims arise out of state law. *See, e.g.*, *Hughes*, 2009 WL 2877424, at *7 (remanding claims against severed defendants).

- 14 -

1  separate the allegations and evidence relevant to each claim, to the extent this is necessary." *See*

2  *Jacques*, 2012 WL 3010969, at *5 (rejecting similar argument).

3        Wal-Mart also contends that it will be substantially prejudiced by joinder because it will
4  incur added costs in participating in discovery related to Plaintiff's claims against Tedesco. *See,*
5  *e.g.*, Docket No. 22 at 7.  In particular, Wal-Mart contends that it would "be forced to participate
6  in discovery and other proceedings that may be irrelevant" to the claims brought against it, such
7  as attending depositions related to the claims against Tedesco.  *See, e.g.*, Docket No. 19 at 6.
8  Wal-Mart fails to provide meaningful elaboration on this argument explaining why it would be
9  required to participate in "irrelevant" discovery or proceedings.  Even more importantly, Wal-
10 Mart fails to explain why that need regarding discovery arises only if the claims remain joined,
11 given that Wal-Mart will certainly argue in any separate proceeding that Tedesco was the
12 primary cause of any injury to Plaintiff.  *See* Docket No. 19 at 6.  As Plaintiff rightfully notes, it
13 appears that each Defendant will likely seek discovery as to the incident involving the other
14 Defendant, even if the cases proceed separately.  *See* Docket No. 21 at 5.[10]  At any rate, the
15 Court finds that any potential additional cost to Wal-Mart is insufficient in this case to overcome
16 the liberal policy in favor of joinder.

17       In short, the Court finds that the risk of prejudice to the parties weighs in favor of joinder.

18       2.  Judicial Economy and Efficiency

19       Wal-Mart next argues that allowing joinder of the claims would not result in judicial
20 economy or efficiency.  *See* Docket No. 10 at 10.  Wal-Mart emphasizes that joining the claims
21 will result in an overly cumbersome trial.  *Id.* at 10-11.  As an initial matter, Wal-Mart fails to
22 explain why having two separate trials will be shorter or less burdensome.  Moreover, Plaintiff
23 notes that all of his damages evidence will be the same for each Defendant.  *See* Docket No. 21
24 at 6.  It promotes efficiency to have discovery of the damages evidence in only one case and
25 have the evidence presented in only one trial.  In light of the overlapping legal and factual issues

26

---

27     [10] On the other hand, Plaintiff asserts that he will rely on the same documentary and
28 testimonial damages evidence with respect to both Defendants, but would be required to conduct duplicative discovery and present duplicative evidence at separate trials if Defendants' claims are severed.  *See, e.g.*, Docket No. 21 at 6.

- 15 -

identified above, the Court finds that efficiency concerns militate toward keeping the claims joined in a single action. *See Jacques*, 2012 WL 3010969, at *5 (rejecting similar argument).[11]

### IV. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the undersigned concludes that the joinder of Wal-Mart and Tedesco as Defendants in this action is proper. In particular, the Court finds that the two textual requirements of Rule 20(a)(2) are met and that joinder of the claims against Defendants comports with the principles of fundamental fairness. As a result, the Court **RECOMMENDS** denying Wal-Mart's motion to sever, finding that diversity jurisdiction is lacking,[12] and granting Plaintiff's motion to remand.

### V. NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 22, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[11] Wal-Mart also argues that having the claims joined would hinder the possibility of settlement, *see, e.g.*, Docket No. 10 at 11, but provides no explanation why settlement is any more likely to occur if the claims are severed.

[12] Plaintiff also contends that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000. Docket No. 9 at 6. Because the Court finds that diversity jurisdiction is lacking based on the citizenship of the parties, the Court does not reach that alternative argument.